IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DANIEL W. PHOENIX,

      Plaintiff,

v.                                  Civil Action No. 3:23cv276

HAROLD CLARKE, *et al.*,

      Defendants.

**MEMORANDUM OPINION**

Daniel W. Phoenix,[1] a Virginia inmate and frequent litigant, filed this 42 U.S.C. § 1983 action.[2] Defendants Dr. Henceroth and J. Schnur ("Defendants") have moved to dismiss on the ground that Phoenix is not entitled to proceed *in forma pauperis*. (ECF No. 50.) Defendants and the Court have provided Mr. Phoenix with appropriate notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). (ECF Nos. 52, 53.) Mr. Phoenix has responded. (ECF Nos. 54, 55.) For the reasons set forth below, the Motion to Dismiss, (ECF No. 50), will be DENIED.

**I. Pertinent Procedural History**

On April 26, 2023, Mr. Phoenix filed the present action and requested leave to proceed *in forma pauperis*. (ECF Nos. 1, 2.) On July 20, 2023, in separate case, the Court denied Mr.

---

[1] Mr. Phoenix changed his name from Daniel W. Jamison to Daniel W. Phoenix.

[2] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

Phoenix leave to proceed *in forma pauperis*. *Jamison v. Flemming*, No. 3:23cv384 (MHL), 2023 WL 4672386, at *1 (E.D. Va. July 20, 2023), *appeal dismissed sub nom. Phoenix v. Flemming*, No. 23-6802, 2023 WL 9604994 (4th Cir. Oct. 17, 2023). The Court stated:

> Plaintiff, a Virginia inmate, has submitted this action and requested leave to proceed *in forma pauperis*. The pertinent statute provides:
>
>> In no event shall a prisoner bring a civil action [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
>
> 28 U.S.C. § 1915(g). Plaintiff has at least three other actions or appeals that have been dismissed as frivolous, malicious, or for failure to state a claim. *See Jamison v. Robinson*, No. 3:23cv346, 2023 WL 3819370, at *4 (E.D. Va. June 5, 2023); *Jamison v. Herring*, No. 3:22cv360, 2023 WL 3669384, at *6 (E.D. Va. May 25, 2023); *Jamison v. Kassa*, No. 3:22cv552, 2023 WL 3321731, at *4 (E.D. Va. May 9, 2023). Plaintiff's current complaint does not suggest that he is in imminent danger of serious physical harm. Accordingly, his request to proceed in forma pauperis will be DENIED. The action will be DISMISSED WITHOUT PREJUDICE.

*Id.* Nevertheless, on July 7, 2023, the Court granted Mr. Phoenix leave to proceed *in forma pauperis* in the present action. (ECF No. 10.)

## II. Analysis

Defendants assert that the Court's decision to grant Mr. Phoenix leave to proceed *in forma pauperis* was in error because he has three strikes under 28 U.S.C. § 1915(g). As explained below, because Mr. Phoenix did not have three strikes under 28 U.S.C. § 1915(g) *at the time he filed the action* and requested to proceed *in forma pauperis*, 28 U.S.C. § 1915(g) does not prevent him from proceeding *in forma pauperis*.

The United States Court of the Fourth Circuit recently stated that § 1915(g)

> require[s] a "backwards-looking inquiry" by a court faced with an application to proceed in forma pauperis. *Simons v. Washington*, 996 F.3d 350, 352 (6th Cir.

2

2021). What § 1915(g) contemplates is a "prisoner" who is currently attempting to "bring a civil action" in forma pauperis ("under this section") after having had three "*prior*" suits "*dismissed*" in the past.

*Pitts v. South Carolina*, 65 F.4th 141, 145 (4th Cir. 2023) (quoting 28 U.S.C. § 1915(g)). Thus, the critical question is "when [Mr. Phoenix] *filed* the suits at issue here, [if] he had already experienced three such 'prior occasions.'" *Coleman v. Tollefson*, 575 U.S. 532, 538 (2015) (emphasis added).

At the time Mr. Phoenix filed this action on April 16, 2023, he had not had any cases dismissed under 28 U.S.C. § 1915(g). Thus, Mr. Phoenix is entitled to proceed *in forma pauperis* in this action. Accordingly, Defendants' Motion to Dismiss, (ECF No. 50), will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 12/2/2024
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

3